UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ROBERT M. DUNCAN, | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. |
| | : | 3:10-cv-365 (VLB) |
| MICHAEL J. ASTRUE, | : | |
| COMMISSIONER, | : | |
| SOCIAL SECURITY ADMINISTRATION, | : | |
| Defendant. | : | April 26, 2011 |

### RULING SUSTAINING DEFENDANT'S OBJECTION TO RECOMMENDED RULING, DENYING PLAINTIFF'S MOTION TO REVERSE, AND GRANTING DEFENDANT'S MOTION TO AFFIRM [Docs. #18, 22, 23]

The pro se plaintiff, Robert M. Duncan, filed this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), seeking review of the final decision of the defendant, the Commissioner of Social Security ("Commissioner"), denying his applications for a period of disability, disability insurance benefits, and supplemental security income. The plaintiff filed a one-paragraph motion to reverse the Commissioner's decision, stating that his primary physician was "unprofessional" and "unable to diagnose [his] condition." [Doc. #18] The Commissioner filed a motion to affirm. [Doc. #22] The case was referred to Magistrate Judge Thomas P. Smith for a recommended ruling on those motions. On January 3, 2011, Judge Smith recommended that the plaintiff's motion to reverse be granted and the Commissioner's motion to affirm be denied. [Doc. #23] The Commissioner then filed an objection to the recommended ruling. [Doc. #24] On the basis of evidence that appears to have been overlooked in the

recommended ruling, the Commissioner's objection is sustained. The plaintiff's motion to reverse is DENIED and the Commissioner's motion to affirm is GRANTED.

## I. STANDARD OF REVIEW AND APPLICABLE LAW

Pursuant to Federal Rule of Civil Procedure 72(b)(3), "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." See also 28 U.S.C. § 636(b)(1)(C); DiPilato v. 7-Eleven, Inc., 662 F. Supp. 2d 333, 340 (S.D.N.Y. 2009).

Following the denial of a disability insurance claim, "[t]he court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing. The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). See also 42 U.S.C. § 1383(c)(3) (prescribing same judicial review for denials of supplemental security income claims).

"A district court may set aside the Commissioner's determination that a claimant is not disabled only if the factual findings are not supported by substantial evidence or if the decision is based on legal error. . . . Substantial evidence means more than a mere scintilla. It means such relevant evidence as a

reasonable mind might accept as adequate to support a conclusion." Burgess v. Astrue, 537 F.3d 117, 127 (2d Cir. 2008). "Even where the administrative record may also adequately support contrary findings on particular issues, the . . . factual findings [of the Administrative Law Judge (ALJ)] must be given conclusive effect so long as they are supported by substantial evidence." Genier v. Astrue, 606 F.3d 46, 49 (2d Cir. 2010) (citing Schauer v. Schweiker, 675 F.2d 55, 57 (2d Cir. 1982)).

The ALJ applies a five-step sequential evaluation process to an application for a period of disability, disability insurance benefits, and supplemental security income. First, the ALJ determines whether the claimant is performing substantial gainful work activity. 20 C.F.R. §§ 404.1520(a)(4)(i) & 416.920(a)(4)(i). If the claimant is not performing such activity, the ALJ proceeds to the second step to determine whether the claimant has a severe medically determinable physical or mental impairment or combination of impairments. §§ 404.1520(a)(4)(ii) & 416.920(a)(4)(ii). The impairment must be expected to result in death or must last or be expected to last for a continuous period of at least twelve months. §§ 404.1509 & 416.909.

If the claimant has a severe impairment, the ALJ proceeds to the third step to determine whether the impairment meets or equals an impairment listed in appendix 1 of the applicable regulations. §§ 404.1520(a)(4)(iii) & 416.920(a)(4)(iii). If the claimant's impairment meets or equals a listed impairment, the claimant is disabled. However, if the claimant does not have a listed impairment, the ALJ

3

proceeds to the fourth step to determine whether the claimant has the residual functional capacity ("RFC") to perform his past relevant work. §§ 404.1520 (a)(4)(iv) & 416.920(a)(4)(iv). RFC is defined as the most that a claimant can do despite the physical and mental limitations that affect what he can do in a work setting. § 416.945(a)(1). If the claimant cannot perform his past relevant work, the ALJ proceeds to the fifth step to determine whether the claimant can perform any other work available in the national economy in light of his RFC, age, education, and work experience. §§ 404.1520(a)(4)(v) & 416.920(a)(4)(v). The claimant is entitled to disability benefits and supplemental security income if he is unable to perform other such work. The claimant bears the burden of proof as to the first four steps, while the Commissioner bears the burden of proof as to the fifth step. Kohler v. Astrue, 546 F.3d 260, 265 (2d Cir. 2008).

## II. DISCUSSION

The Court presumes familiarity with the magistrate judge's recommended ruling and therefore focuses on the Commissioner's objection. The Commissioner argues that the magistrate judge incorrectly reviewed the ALJ's findings at step three of the sequential evaluation process.

The magistrate judge determined that the ALJ erred in finding that the plaintiff lacks an impairment that meets or equals a listed impairment, namely, mental retardation. The threshold requirement for establishing mental retardation is "significantly subaverage general intellectual functioning with deficits in adaptive functioning initially manifested . . . before age 22." 20 C.F.R.

4

pt. 404, subpt. P, App. 1, § 12.05. In order to satisfy that requirement, the magistrate judge cited a report by Dr. Marc Hillbrand, a clinical psychologist, who noted the plaintiff's statement that "he attended special education track in second grade." [Tr. 511] The magistrate judge did not cite any other specific evidence establishing the threshold requirement besides the plaintif's statement. The magistrate judge correctly characterized the evidence as "significant" and that the ALJ did not "point to any evidence to the contrary." [Doc. #23, p. 9] However, the Commissioner cites contrary evidence in his objection.

The court finds there was significant evidence in the record before the commission. Despite the plaintiff's statement to Dr. Hillbrand when he applied for benefits, the plaintiff reported that he had not attended special education classes. [Tr. 197] Dr. Hillbrand diagnosed the plaintiff with borderline intellectual functioning, which is less severe than mental retardation. [Tr. 513] Dr. Hillbrand also described the plaintiff's cognitive problems as mild. [Tr. 511, 513, 518-20] Further, a consulting psychologist, Dr. Jose Santos, indicated in a psychiatric review technique form that the plaintiff had documented depression and anxiety but not mental retardation. [Tr. 322-31] Dr. Santos rated the plaintiff's functional limitations as mild or moderate and noted that the plaintiff had "no special ed[ucation]." [Tr. 332, 334]

Besides the medical opinions of Dr. Hillbrand and Dr. Santos and the plaintiff's inconsistent statements regarding special education, the plaintiff's verifiable education and work history do not suggest that he satisfies the

5

threshold requirement for a finding of mental retardation.  The plaintiff graduated from a technical high school at the age of 18 or 19, then worked as a professional golfer at several country clubs for ten years, and subsequently worked as a service adviser at a car dealership for fifteen years.  [Tr. 28-29, 33-35, 169, 174-79, 197, 511]  The plaintiff lost his job when the dealership closed in May 2005, and he claimed that he became disabled on June 1, 2005.  [Tr. 35, 169]  A reasonable person would accept all of this evidence to support the ALJ's conclusion that the plaintiff is not mentally retarded.  The ALJ may not have pointed to all of this evidence in his decision, but the standard of review is whether the record contains substantial evidence supporting the ALJ's conclusions, not whether the ALJ pointed to the evidence.

Because the recommended ruling ended with the issue of mental retardation, the Court will proceed to examine the remainder of the ALJ's decision applying the substantial evidence standard of review.  A brief review of the first three steps of the sequential evaluation process is necessary.  At step one, the ALJ determined that the plaintiff was not performing substantial gainful work activity.  At step two, the ALJ found that the plaintiff had the severe impairments of anxiety, depression, borderline intellectual functioning, diabetes mellitus, diabetic neuropathy, and seizure disorder.  [Tr. 10]  The plaintiff fractured his ankle in July 2008, but it was surgically repaired after one week and did not constitute a severe impairment.  [Tr. 10, 384]  There was also a lack of evidence that the plaintiff's psoriasis was severe.  [Tr. 10]  At step three, the ALJ

6

determined that the plaintiff's impairments did not satisfy the requirements of the listings in the regulations because the objective medical findings were not severe enough.

The ALJ then considered the plaintiff's RFC. The ALJ found that the plaintiff's testimony of disabling physical pain was not corroborated by the medical evidence, including the records of the plaintiff's physician, Dr. Sheikh Ahmed, and the consultative examination performed by Dr. Micha Abeles. [Tr. 12-13, 337-38, 435-79] The ALJ also found that the plaintiff was not entirely credible because he testified that he had not abused alcohol even though his medical records documented a history of alcohol abuse. [Tr. 13, 14] The ALJ gave controlling weight to Dr. Hillbrand's report that the plaintiff's borderline intellectual functioning did not preclude him from working. [Tr. 15-16] Taking all of this evidence into account, the ALJ concluded that the plaintiff had the RFC to perform light work involving simple instructions and routine, repetitive tasks. [Tr. 12, 16] At step four, the ALJ determined that the plaintiff's RFC did not allow him to perform his past relevant work. [Tr. 16] Finally, at step five, the ALJ found that the limitations placed on the plaintiff's ability to perform light work had little impact on the number of jobs available to him. [Tr. 17] The ALJ accordingly concluded that the plaintiff is not disabled. [Tr. 17]

After reviewing the ALJ's decision and the evidence on which it was based, the Court determines that a reasonable person would accept the evidence as adequate support for the conclusion that the plaintiff is not disabled. The

records and reports of Dr. Abeles, Dr. Ahmed, Dr. Hillbrand, and Dr. Santos show that the plaintiff's impairments do not prevent him from performing light work involving simple tasks. The ALJ's decision satisfies the substantial evidence standard.

### III. CONCLUSION

The Commissioner's objection is sustained. The plaintiff's motion to reverse [Doc. #18] is DENIED and the Commissioner's motion to affirm [Doc. #22] is GRANTED. The Clerk is directed to CLOSE this case.

                          IT IS SO ORDERED.

                          /s/
                        Vanessa L. Bryant
                        United States District Judge

Dated at Hartford, Connecticut: April 26, 2011.